Citation Nr: 1434233 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 10-27 208 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a neck disability.
 
2. Entitlement to service connection for a right shoulder disability.
 
3. Entitlement to service connection for a thyroid disorder, claimed as Graves' disease.


REPRESENTATION

Appellant represented by: Disabled American Veterans 


WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

C. L. Wasser, Counsel

INTRODUCTION

The Veteran served on active duty from February 1991 to February 1997.

This case comes to the Board of Veterans' Appeals (Board) on appeal from a January 2009 decision by the RO in St. Petersburg, Florida. 

A personal hearing was held before the undersigned Veterans Law Judge (VLJ) at the RO (i.e., a Travel Board hearing) in January 2012, and a transcript of this hearing is of record.

The Board granted service connection for headaches and remanded the remaining issues on appeal in April 2013 for additional evidentiary development; the case was subsequently returned to the Board. 

In an August 2013 rating decision, the Agency of Original Jurisdiction (AOJ) granted service connection and a 10 percent rating for a low back disability, and effectuated the Board's grant of service connection for headaches with a noncompensable rating assigned. Since the Veteran did not appeal the ratings or effective dates assigned in this decision, these claims are not in dispute. See Grantham v. Brown, 114 F.3d 1156 (Fed. Cir. 1997) (indicating he must separately appeal for a higher rating and earlier effective date since these are "downstream" issues from his initial claim for service connection).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Regrettably, additional development is required prior to appellate review of the appeal.

A United States Court of Appeals for Veterans Claims (Court) or Board remand confers upon the appellant the right to compliance with that order. See Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Court or Board remand). In April 2013, the Board remanded the appeal to the AOJ for additional development. Some development was completed, and the case was subsequently returned to the Board. Unfortunately, there was not adequate compliance with the remand directives, and another remand is required. Id.

Specifically, although the Board requested that the AOJ attempt to obtain any relevant VA treatment records dated prior to August 2006, instead the AOJ requested VA treatment records dated prior to August 1996, from the Gainesville/Lake City VA Medical Center (VAMC).

Again, the Board notes that the Veteran has testified that she has been receiving treatment at the Jacksonville VA outpatient clinic since approximately 1997. She has also reported receiving treatment at the Jacksonville VAMC. Thus, the Board finds that a remand is required to obtain these records (VA treatment records dated from February 1997 to August 2006), as the remand actions were not completed. Stegall, supra.

The earliest VA treatment records in the paper claims file are dated in 2007, while the Virtual VA folder contains VA treatment records dated from August 2006 to March 2012. The Court has held that VA medical records are in constructive, even if not actual, possession of the agency and must be obtained if the material could be determinative of the claim. Bell v. Derwinski, 2 Vet. App. 611 (1992). Ongoing pertinent records should also be obtained.

Accordingly, the case is REMANDED for the following action:

1. The RO/AMC should attempt to obtain any relevant VA treatment records dated from February 1997 to August 2006, and dated since March 2012, including from the Jacksonville VAMC and outpatient clinic. Such records should be associated with the claims file (paper or electronic).

2. If any relevant records are obtained, and the AOJ determines that as a result additional medical comment is needed from the examiner who conducted the May 2013 VA examinations, this should be obtained.

3. Then readjudicate the claims for service connection. If the claims are not granted to the Veteran's satisfaction, send her and her representative a supplemental statement of the case and give them an opportunity to respond before returning the file to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).










 (Continued on the next page)

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
S. L. Kennedy 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).